UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DR. PETER DAWSON					CIVIL ACTION

VERSUS							NO. 09-995

AMERICAN SECURITY				JUDGE
INSURANCE COMPANY
								MAGISTRATE

### NOTICE OF REMOVAL

Petitioner, American Security Insurance Company ("American Security"), hereby removes to this Court the civil action now pending in the Eighteenth Judicial District Court for the Parish of Iberville, Louisiana, case no. 068334 "D," styled "*Dr. Peter Dawson v. American Security Insurance Company.*"

In support of this removal, American Security shows that:

1.

This suit is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332.  Diversity jurisdiction requires that the plaintiff be diverse in citizenship from every defendant.  *Strawbridge v. Curtis*, 3 Cranch 267 (1806); *Getty Oil Corp v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

2.

The plaintiff is a citizen of the State of Louisiana. American Security was and is a Delaware corporation with its principal place of business in Georgia both at the time of filing of this suit and at the time of removal.  Accordingly, the parties' citizenship is diverse.

3.

Plaintiff's "Petition for Damages" (Exhibit "A") does not include a monetary demand. Nevertheless, the amount in controversy in this matter exceeds $75,000.00.

4.

This is a Hurricane Gustav property damage insurance claim. American Security issued Residential Property policy number ALR15052182543 to Citi Residential Lending, Inc. to insure the dwelling 59755 Highway 1148, Plaquemine, Louisiana, according to the terms of the policy, with coverage effective the date of Hurricane Gustav. The policy identifies Dr. E. Dawson as an additional insured. Policy limits are $382,602.00 for insured damage to the dwelling, and an additional $38,260.00 in coverage for damage to "other structures." (See policy of insurance attached as Exhibit "B")

5.

To date, American Security has paid a total of $55,915.00 for damage to the insured property sustained in Hurricane Gustav. American Security has made two payments: (1) $18,580.62, and (2) $37,334.38. (See Exhibit "C," explanation of benefits letters dated February 2, 2009 and October 2, 2008 which show the referenced payments.) Plaintiff alleges in the lawsuit that American Security owes him policy benefits and consequential damages for insured damage sustained to the insured property. (Exhibit "A") Plaintiff has submitted an estimate prepared by Gulf Coast Catastrophe Consultants, L.L.C., to assert that the insured property sustained damages in the amount of $193,191.58, in Hurricane Gustav. (See Exhibit "D," plaintiff's demand letter and estimate.) Accordingly, there is at least $137,276.58 in dispute with respect to plaintiff's claim for policy benefits.

6.

The plaintiff also asserts an insurance bad faith claim against American Security under La. Rev. Stat. R.S. 22:1892 and 22:1973, based on American Security's alleged arbitrary and capricious failure to pay benefits due under the terms of the policy, and American Security's alleged failure to conduct a reasonable investigation, accompanied by alleged "oppression, fraud, or malice." (Exhibit "A," paragraphs 8-20)

7.

Under La. R.S. 22:1892, an insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

8.

Under La. R.S. 22:1973, "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(c). The "damages sustained" under R.S. 22:1973 refers to the insured's consequential damages for failure to pay.

9.

As the law has developed, a successful bad faith claimant may recover attorney's fees under R.S. 22:1892 plus the maximum penalty available under either R.S. 22:1892 or R.S. 22:1973 but not both – either fifty percent of the amount due (R.S. 22:1892), or two times the damages sustained or $5,000.00 (R.S. 22:1973).

10.

If the plaintiff's claim is seen as involving (1) policy benefits in the amount of $137,256.78, (2) attorney's fees in the amount of $10,000.00 awarded under R.S. 22:1892, and (3) a fifty percent penalty in the amount of $68,628.38 awarded under R.S. 22:1892, then the plaintiff's claim greatly exceeds $75,000.00.

11.

The amount in controversy is the value of the object of the litigation. *St. Paul Reinsurance Company v. Greenburg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998)  Where, as here, the object of the litigation is the coverage provided by an insurance policy, the amount in controversy is (1) the insurer's contractual liability under the policy, plus (2) any penalties allowed by state law. *Id.* Attorney fees are included as part of the amount in controversy when they are recoverable by statute or contract. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873-74 (5th Cir. 2002).   Accordingly, and in view of the plaintiff's specific allegations in the suit, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

12.

This Notice of Removal is filed within thirty days of defendant's receipt of the plaintiff's lawsuit.  Specifically, plaintiff served American Security through the Louisiana Secretary of State on October 28, 2009.

13.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of Court for the 18th Judicial District Court for the Parish of Iberville, State of Louisiana.

WHEREFORE, American Security Insurance Company, prays that any further proceedings in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana be discontinued, and this action be recognized as removed and pending on the docket of this Court.

Respectfully submitted,

s/Gordon P. Serou, Jr.
GORDON P. SEROU, JR. (No. 14432)
Law Offices of Gordon P. Serou, Jr., L.L.C.
gps@seroulaw.com
Poydras Center, Suite 1420
650 Poydras Street
New Orleans, Louisiana 70130
Telephone No.: 504-299-3421
Facsimile No.: 504-299-3496

**Attorneys for American Security Insurance Company**

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. Any manual recipients will receive a copy of the foregoing pleading by United States Mail.

s/Gordon P. Serou, Jr.
GORDON P. SEROU, JR.